IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
WILKES-BARRE DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| JULIO LOPEZ, JR., and | : | BANKRUPTCY NO. 15-04580 |
| BENIGNA LOPEZ GUZMAN, | : | |
| Debtors | : | |

## STIPULATION AND CONSENT ORDER

AND NOW, this 4th day of April, 2018 Julio Lopez, Jr., Benigna Lopez Guzman, and Atlas Acquisitions LLC, by and through their respective counsel, hereby stipulate and agree as follows:

1. Creditor. Atlas Acquisitions LLC is a New Jersey limited liability company with an address of 294 Union Street, Hackensack, New Jersey 07601 ("Creditor").

2. Debtors. Julio Lopez, Jr. a/k/a Julio Lopez and Benigna Lopez Guzman a/k/a Benigna Lopez are adult individuals with an address of 608 Quail Lane, Tobyhanna, Pennsylvania 18466 (individually and collectively, the "Debtors").

3. Bankruptcy Petition. On October 25, 2015 the Debtors voluntarily filed this Chapter 13 bankruptcy proceeding.

4. Motion for Relief. On January 25, 2018 the Creditor filed a Motion for Relief from Automatic Stay to Exercise its State Court Remedies against Debtors' Real Estate located at 608 Quail Lane, Tobyhanna, Pennsylvania ("Motion"), to which the Debtors filed an Answer on February 7, 2018 ("Answer").

5. Stipulation. In an effort to avoid the uncertainty and expense of litigating the issues raised in the Motion and the Answer, the parties have agreed to enter into this Stipulation

and Consent Order ("Stipulation"). (Any capitalized term used herein without definition will have the meaning ascribed to it in the Motion unless the context clearly requires otherwise.)

6. The outstanding amount due under the Note is as follows:

| | |
|---|---|
| Outstanding Principal Balance: | $ 164,901.07 |
| Accrued Interest through 3/23/18: | $ 25,506.21 |
| Late Charges through 3/23/18: | $ 1,098.52 |
| Real Estate Tax Advances through 3/23/18: | $ 4,214.55 |
| Legal Fees (estimate): | $ 2,880.00 |
| Collection Costs (estimate): | $ 200.50 |
| Total Amount Due: | $ 198,800.85 |

The Debtors are responsible for all additional accrued interest and late fees and for reimbursing the Creditor for its legal fees and collection costs incurred in this matter. The Debtors are also responsible for paying interest on all advances made by the Creditor to protect its interest in the Real Estate, including real estate taxes, in accordance with the terms of the Note and Mortgage.

7. Post-Petition Payments. The Debtors owe the following post-petition payments (collectively, the "Total Post-Petition Amount Due"):

| Payment Due Date | Amount |
|---|---|
| 11/1/15 | $ 1,551.48 |
| 12/1/15 | $ 1,551.48 |
| 1/1/16 – 12/1/16 (12 pmts. @ $1,551.48 each) | $18,617.76 |
| 1/1/17 – 12/1/17 (12 pmts. @ $1,551.48 each) | $18,617.76 |
| 1/1/18 | $ 1,551.48 |
| 2/1/18 | $ 1,551.48 |
| 3/1/18 | $ 1,551.48 |
| | $44,992.92 |
| Late Charges (29 @ $37.88 each): | $ 1,098.52 |
| Legal Fees (estimate): | $ 2,880.00 |
| Collection Costs (estimate): | $ 200.50 |
| Total Post-Petition Amount Due: | $49,171.94 |

8. Amended Chapter 13 Plan. Within ten (10) days of the date of this Stipulation, the Debtors will file an Amended Chapter 13 Plan with the Bankruptcy Court, which will provide for payment of the Total Post-Petition Amount Due and all future post-petition payments due on the

Note by the Chapter 13 Trustee through said Plan. The terms of the Amended Chapter 13 Plan must be satisfactory to the Creditor, and the Debtors must obtain confirmation of their Amended Chapter 13 Plan within sixty (60) days of filing.

9. **Additional Covenants.** All representations, warranties, covenants, and agreements contained in the Note and Mortgage (collectively, the "Loan Documents"), including all rights and remedies of the Creditor, will continue in full force and effect, except as modified as a result of this bankruptcy proceeding or the terms of this Stipulation.

10. **Release and Waiver.** The Debtors waive, release, and forever discharge the Creditor from and against any and all rights, claims, or causes of action against the Creditor arising out of the Creditor's action or inaction with respect to the obligations due the Creditor, as well as any and all rights of set-off, defenses, claims, causes of action and any other bar to the enforcement of the collection of the obligations due the Creditor or any provisions contained in the Loan Documents up to the date hereof.

11. **Default.** The occurrence of any of the following events shall constitute an event of default hereunder ("Event of Default"):

    a. The Debtors fail to comply with the terms of this Stipulation or otherwise default on the terms of the Loan Documents (except as specifically modified herein);

    b. The Debtors fail to abide by a Bankruptcy Court Order, fail to make the payments to the Chapter 13 Trustee in accordance with their Amended Chapter 13 Plan, or otherwise fail to comply with their obligations under the Bankruptcy Code (11 U.S.C. § 101 et seq.);

    c. The Debtors file a motion seeking to dismiss or convert this bankruptcy case to a Chapter 7 case; or

d. This Chapter 13 case is converted to a Chapter 7 case.

12. <u>Remedies</u>. Upon the occurrence of an Event of Default hereunder and following five (5) days' written notice and opportunity to cure sent to the Debtors via first class mail and Debtors' attorney via facsimile or electronic mail, the Creditor may file a Certificate of Default with the Bankruptcy Court whereupon the Creditor shall be entitled to have an Order entered, substantially in the form attached hereto as Exhibit A, vacating the automatic stay with respect to the Real Estate. Notwithstanding the foregoing, no notice and opportunity to cure period shall apply if an Event of Default occurs under Paragraphs 11c or 11d above. The Debtors will be entitled to no more than two (2) notices of default in any calendar year.

13. <u>Additional Remedies.</u> Except as otherwise expressly set forth herein, nothing in this Stipulation shall prohibit the parties hereto from protecting and enforcing their rights and remedies under the Bankruptcy Code.

14. <u>Survival.</u> The covenants and agreements of the Debtors set forth in this Stipulation will survive any dismissal or other termination of this bankruptcy case.

15. <u>Time of the Essence</u>. Time is of the essence of this Stipulation.

16. <u>Counterparts.</u> This Stipulation may be executed in two (2) or more counterparts each of which shall be deemed an original (including facsimile and electronic image signatures); and all such counterparts shall be deemed to be one and the same instrument.

17. <u>Binding Effect.</u> The terms of this Stipulation shall be binding upon the Debtors pending approval by the Bankruptcy Court.

IN WITNESS WHEREOF, the undersigned have caused this Stipulation to be executed on the date set forth above.

McELRATH LEGAL HOLDINGS, LLC

By: *[signature]*
Paul W. McElrath, Esquire
Attorney for Julio Lopez, Jr. a/k/a Julio Lopez and Benigna Lopez Guzman a/k/a Benigna Lopez

KOZLOFF STOUDT

By: *[signature]*
Charles N. Shurr, Jr., Esquire
Attorney for Atlas Acquisitions LLC

CONSENTED AND AGREED TO:

By: _____
    Charles J. DeHart, III, Esquire
    Chapter 13 Trustee

AND NOW, this _____ day of _____, 2018 this Stipulation and Consent Order is hereby approved and entered as an Order by the Bankruptcy Court.

_____
John J. Thomas
United States Bankruptcy Judge

IN WITNESS WHEREOF, the undersigned have caused this Stipulation to be executed on the date set forth above.

McELRATH LEGAL HOLDINGS, LLC

By: *Paul W. McElrath*
Paul W. McElrath, Esquire
Attorney for Julio Lopez, Jr. a/k/a Julio Lopez and Benigna Lopez Guzman a/k/a Benigna Lopez

KOZLOFF STOUDT

By: *Charles N. Shurr, Jr.*
Charles N. Shurr, Jr., Esquire
Attorney for Atlas Acquisitions LLC

CONSENTED AND AGREED TO:

By: *Charles J. DeHart, III*
Charles J. DeHart, III, Esquire
Chapter 13 Trustee

AND NOW, this ____ day of _____, 2018 this Stipulation and Consent Order is hereby approved and entered as an Order by the Bankruptcy Court.

_____
John J. Thomas
United States Bankruptcy Judge

EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
## WILKES-BARRE DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| JULIO LOPEZ, JR., and | : | BANKRUPTCY NO. 15-04580 |
| BENIGNA LOPEZ GUZMAN, | : | |
| Debtors | : | |

### ORDER FOR RELIEF FROM STAY

AND NOW, this _____ day of _____, 2018, this matter having been brought before the Court upon the Certificate of Default filed by Atlas Acquisitions LLC, for good and sufficient cause shown, it is hereby

ORDERED that the automatic stay provided by Section 362(d) of the Bankruptcy Code is vacated as to Atlas Acquisitions LLC with respect to the Debtors' real estate located at 608 Quail Lane, Tobyhanna, Pennsylvania 18466 ("Real Estate"), so that Atlas Acquisitions LLC may exercise its state court remedies with respect to said Real Estate; and it is further

ORDERED that the net proceeds from such actions, either by judicial process or otherwise, may be applied against the indebtedness of the Debtors to Atlas Acquisitions LLC, and it is further

ORDERED that the fourteen (14) day period under Fed. R. Bankr. P. 4001(a)(3) shall not apply.

Copies To:   See Attached Service List.

## ORDER SERVICE LIST

Julio Lopez, Jr.
Benigna Lopez Guzman
608 Quail Lane
Tobyhanna, PA 18466

Paul W. McElrath, Jr., Esquire
McElrath Legal Holdings, LLC
1641 Saw Mill Run Boulevard
Pittsburgh, PA 15210

Charles J. DeHart, III, Esquire
8125 Adams Drive, Suite A
Hummelstown, PA 17036

Asst. U.S. Trustee
United States Trustee
228 Walnut Street, Suite 1190
Harrisburg, PA 17101

Charles N. Shurr, Jr., Esquire
Kozloff Stoudt
2640 Westview Drive
Wyomissing, PA 19610